# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.                                                                                      Case No. 17-CR-175

JOSEPH DAVIS JR.,

        **Defendant.**

## ORDER ON DEFENDANT DAVIS' MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE WITH CONDITIONS

     Joseph Davis Jr. has been charged in a superseding indictment with conspiring to possess with intent to distribute and to distribute heroin, fentanyl, and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and 18 U.S.C. § 2; attempted distribution and possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) and 18 U.S.C. § 2; and possessing a firearm after having previously been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket # 303.) Davis was initially released with conditions. (Docket # 155.) However, on November 7, 2019, a warrant was issued for Davis for failing to comply with the conditions of his release. (Docket # 304.) On December 12, 2019, after Davis' arrest on the warrant, he was ordered detained. (Docket # 322, 323.) Davis now moves, pursuant to 18 U.S.C. § 3142(f), for release with conditions. (Docket # 444.) The government opposes the motion. (Docket # 449.)

     After a defendant has been detained, a judicial officer may reopen the detention hearing if the judicial officer finds that "information exists that was not known to the movant

at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Davis argues that for a period of almost two years, he was compliant with his release order and only later failed to comply due to a combination of circumstances. First, he suffered from mental illnesses. Second, he had moved to Plymouth and did not have transportation to keep his appointments. I appreciate Davis offering context for his non-compliance. However, Davis' conduct presents a risk of non-appearance if released. During Davis' release on bond, he failed to report for appointments with Pretrial Services, random drug testing, counseling appointments, and state court appearances. Even crediting that Davis had transportation problems that presented challenges for keeping his appointments, Davis could have stayed in touch with Pretrial Services by telephone.

Davis emphasizes that missing office appointments with his attorney or otherwise not seeing eye-to-eye with his attorney should not be a consideration for detention. I wholly agree. However, Davis was not detained because of issues with his attorney. He was detained for going AWOL from Pretrial Service supervision and was only accounted for after being picked up on a warrant.

Further, Davis argues that his release is appropriate because he has not received a debriefing statement, he is placed with a co-defendant that he should have been separated from, he is being denied access to discovery, and that there is currently no trial date. None of these issues warrant release. In regard to the need to be separated from his co-defendant, Davis had filed a separate motion on this issue (Docket # 445) which was granted, and the matter has been addressed by the U.S. Marshals. As to the discovery issues, the government

2

represents that these matters have been resolved. If problems of discovery or access to discovery remains, Davis is encouraged to work with the government on these issues and is free to file an appropriate motion if that fails.

Finally, as to the impact of the lack of trial date on Davis' pretrial detention, Davis' point is well taken. Both the fugitive status of Torrence Harris, Davis' co-defendant, and the coronavirus pandemic have contributed to the delay in setting a trial date. However, at the July 29, 2020 status hearing, Judge Pepper indicated that a status conference would likely be set after Harris' motions have been filed. (Docket # 424.) Thus, it appears that a trial date is forthcoming.

In sum, Davis has not presented grounds for reconsidering his detention after revocation of his release for violating his release conditions. After considering the factors in § 3142(g), I find there remains no condition or combination of conditions that can reasonably assure Davis' appearance in court.

**SO ORDERED** this 10th day of September, 2020, at Milwaukee, Wisconsin.

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3